Dear Commissioner Bradford:
This letter is in response to your questions asking:
 1. Must the Office of Administration, pursuant to Section 207.025, RSMo 1978, make reimbursements to counties for the additional compensation of Prosecuting Attorneys once per year only rather than monthly?
 2. If the answer to the above question is in the affirmative, then is the annual period referred to in the statute to be the state's fiscal year commencing July 1 and ending June 30?
 3. If the answer to the above question is in the negative, then what is the beginning and ending date of the annual periods?
 4. Can funds erroneously reimbursed by the Office of Administration be subtracted from future reimbursements to counties?
 5. If the answer is affirmative, is there a limit as to how many years in arrears the Office of Administration may utilize to calculate erroneous payments?
Subsection 8 of § 207.025, RSMo provides:
 For the performance of the additional duties imposed by this section, each prosecuting attorney in counties of the third and fourth class shall receive additional annual compensation of four thousand five hundred dollars; each prosecuting attorney in counties of the second class shall receive additional annual compensation of two thousand dollars; each prosecuting attorney in counties of the first class without a charter form of government shall receive additional annual compensation of one thousand dollars; each circuit attorney in cities not contained within a county shall receive additional annual compensation of seven thousand five hundred dollars. The additional annual compensation for prosecuting attorneys and circuit attorneys provided for in this section shall be paid with county funds or city funds; provided, however, that the state shall reimburse the counties or cities for funds expended for the additional annual compensation to the extent that incentive payments made to a county or city by the division of family services pursuant to the terms of cooperative agreements are insufficient to pay for the additional annual compensation. The governing body in each county or city shall submit a monthly billing to the office of administration listing the amount of incentive payment moneys received and listing the amount of money owing to the county or city as reimbursement for the additional annual compensation for the prosecuting attorney or circuit attorney. The office of administration shall pay such sum monthly from the amount of money appropriated specifically for such purpose by the general assembly. In the absence of a cooperative agreement between the county or city and the division of family services, the additional annual compensation provided for in this section shall be paid with county or city funds entirely and not with state funds.
It seems clear that the governing body in each county that has a cooperative agreement with the division of family services is required to submit a monthly billing to the Office of Administration listing the amount of incentive payment monies received and listing the amount of money owing to the county as reimbursement for the additional annual compensation for the prosecuting attorney to be paid by the Office of Administration monthly from the amount of money appropriated for that purpose.
It is our view that the Office of Administration is required to pay what is owing to the counties on a monthly basis but that in determining the amount which is due, the incentive payments which have been made to the counties should be considered on a continuing, cumulative basis.
In answer to your fourth question, we believe that funds erroneously reimbursed to the counties by the Office of Administration should be offset against future reimbursements to the counties if the counties do not make payments to the state to adjust the accounts.
In answer to your fifth question, we view the accounts as being current accounts within the purview of § 516.160, RSMo, which provides that in an action brought to recover a balance due on a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action shall be deemed to have accrued from the time of the last item in the account on the adverse side. It is, however, arguable in the absence of demands by the state that § 516.120(2), RSMo, which relates to a five year period of limitations on actions created by statute other than a penalty or forfeiture, might apply. See State exrel. Robb v. Poelker, 515 S.W.2d 577, 580 (Mo. banc 1974). Therefore, it would seem appropriate that demand be made upon counties which have been overpaid for the amount of the overpayments in accordance with the view we have stated herein, and action be expeditiously taken to adjust the overpayments, such adjustment including all overpayments made since such provisions of § 207.025, first became effective, July 1, 1977.
Very truly yours,
 JOHN ASHCROFT Attorney General